## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

ANTONIO VALDES CRUZ and
JOHN BUTLER,

               Plaintiffs,

v.                                                    Case No:   6:24-cv-744-GAP-DCI

FREEMAN'S CONSTRUCTION &
ENGINEERING GROUP, INC.,
GUILLERMO ANGEL ALONSO and
THE PINEWOOD HOLDING
COMPANY, LLC,

               Defendants

_____

## ORDER

This cause came before the Court for consideration without oral argument on Plaintiffs Antonio Valdes Cruz and John Butler's ("Plaintiffs") Expedited Second Motion to Compel Responses to Plaintiffs' Request for Production, Initial Disclosures, and Better Answers to Interrogatories, or Alternatively for Sanctions (Doc. 73, filed on March 11, 2025).

On April 10, 2025, the United States Magistrate Judge issued a report (Doc. 81) recommending that the Motion be granted as to Plaintiffs' request for sanctions. Specifically, the Magistrate Judge recommends: (1) striking Defendants

Freeman's Construction & Engineering Group, Inc., Guillermo Angel Alonso, and The Pinewood Holding Company, LLC's ("Defendants") Answers and affirmative defenses; (2) directing the Clerk to enter default against Defendants; and (3) awarding Plaintiffs' their reasonable expenses, including attorney's fees, incurred in filing the underlying Motion. *Id.* Defendants have since filed a timely Objection to the Report and Recommendation (Doc. 85), and Plaintiffs have filed a Response to Defendants' Objection (Doc. 86).

It is worth noting from the outset that Defendants have utterly failed to litigate this case. Among their *many* missteps, Defendants neither responded to the instant Motion nor appeared at the Motion hearing.[1] *See* Doc. 81 at 2-3; *see also* Doc. 78; Doc. 49; Middle District of Florida Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed"). Indeed, Defendants first arguments regarding the instant Motion appeared in their Objection to the Magistrate Judge's Report and Recommendation.

"A district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Mia. Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)) (internal quotation marks omitted).

---

[1] This was the second time that Defendants failed to appear at a hearing on a discovery motion. *See* Docs. 62, 68.

Specifically, the court "retains final adjudicative authority in deciding whether to consider and evaluate new arguments that a party did not raise before the magistrate judge." *Id.* (citation and internal quotation marks omitted).

Pursuant to its discretion, the Court declines to consider the arguments raised in Defendants' Objection because those arguments were never presented to the Magistrate Judge. Defendant had multiple opportunities to challenge the instant Motion—either on paper or in open court—but failed to do so at every turn.

Accordingly, it is hereby **ORDERED** that:

1. Defendants' Objection to the Report and Recommendation (Doc. 85) is **OVERRULED**.

2. The Report and Recommendation (Doc. 81) is **CONFIRMED** and **ADOPTED** as part of this Order.

3. Plaintiffs' Expedited Second Motion to Compel Responses to Plaintiffs' Request for Production, Initial Disclosures, and Better Answers to Interrogatories, or Alternatively for Sanctions (Doc. 73) is **GRANTED** as it relates to Plaintiffs' request for sanctions.

4. Defendants' Answers and affirmative defenses are **STRICKEN.**

5. The Clerk is **directed** to enter default against Defendants.

6. Plaintiffs are **awarded** their reasonable expenses, including attorney's fees, incurred in filing the underlying Motion. On or before May 16, 2025,

Plaintiffs shall confer with Defendants regarding their reasonable expenses and the payment schedule. If the parties cannot agree on the amount or schedule, Plaintiffs may file a motion on or before May 23, 2025.

7. Plaintiffs **shall** file a motion for default judgment within thirty-five (35) days after the Clerk enters default.

8. The final pretrial conference and trial are **canceled**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 8, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party