**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTONIO VALDES CRUZ and**
**JOHN BUTLER**

        **Plaintiffs,**

**v.**                                      **Case No: 6:24-cv-744-GAP-DCI**

**FREEMAN'S CONSTRUCTION &**
**ENGINEERING GROUP, INC., THE**
**PINEWOOD HOLDING COMPANY,**
**LLC, and GUILLERMO ANGEL**
**ALONSO**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion to Enforce Court Order and for Sanctions. Doc. 110 (the Motion). As will be explained, the undersigned respectfully recommends that the Court deny the motion and close the case.

The history of this case is long, has been detailed in prior orders and reports, and is riddled by the intransigence of Defendants and their counsel. The undersigned assumes the reader's familiarity with these proceedings but references some relevant procedural history.

On September 16, 2024, Antonio Valdes Cruz and John Butler (Plaintiffs) filed an Amended Complaint seeking to recover from Defendants Freeman's Construction & Engineering Group, Inc., The Pinewood Holding Company, LLC, and Guillermo Angel Alonso (Defendants) unpaid minimum wages and unpaid overtime pursuant to the Fair Labor Standards Act. Doc. 42 at 2.

During the litigation that followed, Defendants were sanctioned repeatedly for their violations of the rules and orders of this Court. The Court awarded Plaintiffs attorney fees and costs on multiple occasions, resulting in total awards as follows:

| Docket Entries | Fee Source/Sanction Reason | Fee Amount |
|---|---|---|
| 35 | Rule 37(b)(2)(C) – Failure to participate in discovery | $1,020.00 |
| 68, 70, 72, 102 | Rule 37(d)(1)(C), Rule 37(b)(2)(C) – Failure to participate in discovery, failure to appear at hearing | $4,200.00 |
| 81, 90, 94 | Rule 37(b)(2)(C) – Failure to participate in discovery, failure to obey court order | $4,718.31 |
| 103, 106 | Fees incurred preparing motion to enforce sanctions award and attending hearing regarding same | $7,050.00 (fees)<br>$253.02 (costs) |
| | **TOTAL:** | **$16,988.31 (fees)**<br>**$253.02 (costs)** |

As the penultimate sanction, on May 8, 2025, the Court adopted the undersigned's report and recommendation, struck Defendants' answer and affirmative defenses as a sanction, and directed the Clerk to enter default against Defendants. Doc. 90. In that order, the Court noted that, "Defendants have utterly failed to litigate this case. Among their *many* missteps, Defendants neither responded to the instant Motion nor appeared at the Motion hearing." *Id*. at 2 (emphasis in original). Plaintiffs then timely sought default judgment. Doc. 95.

After the Clerk entered default, Defendants attempted to enforce a purported settlement agreement between Plaintiffs and Defendants that was allegedly entered into by Plaintiffs without the assistance of their counsel during this litigation. *See* Doc. 96. Following a hearing, the undersigned denied Defendants' motion and again ordered Defendants to pay an amount awarded in a previous sanctions order. Doc. 102. Plaintiffs then sought—without opposition—an award

of attorney fees and costs related to their efforts to enforce a prior, unpaid sanctions order. Doc. 103. The Court granted that motion. Doc. 106.

As happened repeatedly in this case, Defendants failed to respond to the pending motion for default judgment. Thus, the undersigned entered a report recommending that the Court enter default judgment. Doc. 107. Defendants failed to object to the report and recommendation, and, on January 21, 2026, the Court entered an Order directing the Clerk to enter judgment against Defendants and in favor of Plaintiffs: $41,016.16 in favor of Plaintiff Antonio Valdes Cruz; and $195,919.40 in favor of Plaintiff John Butler. Doc. 111. The Clerk entered judgment. Doc. 118 (as amended); *see also* Docs. 112, 113. The time to appeal that judgment has expired.

Also in the Court's January 21, 2026 order directing entry of judgment, the Court ordered that, "Plaintiffs shall file their motion for attorney's fees and costs within 30 days from the date of this order." Doc. 111 at 2. At 5:41 p.m. on February 20, 2026—the date of Plaintiffs' deadline to file the motion for attorney fees and costs—Plaintiffs filed a motion seeking an additional 30 days to file the motion for attorney fees and costs. Doc. 116. As cause, Plaintiffs' counsel cited "the particularly large amount of work required of him in other matters." *Id*. at 2. On March 9, 2026, the Court denied that motion without prejudice, stating that, "The Motion fails to comply with Local Rule 3.01(g). Further, a motion for an extension of time should not be filed at 5:41 pm on the date of the deadline sought to be extended. The Motion does not toll the deadline, which is expired." Doc. 117. Following that denial, on March 26, 2026, the Court entered the operative amended judgment. Doc. 118. Plaintiff never refiled the motion for an extension of time, sought taxable costs under Federal Rule of Civil Procedure 54(d) by filing a bill of costs, or sought any further relief.

In the meantime, on January 19, 2026, just prior to the Court directing the entry of judgment, Plaintiffs filed the instant Motion seeking an order to enforce the prior sanctions order. Doc. 110. Therein, Plaintiffs explain that, despite the Court's repeated orders, "Defendants have failed to comply with the Court's Order and have not sent any of the sanctions payments owed to Plaintiffs." *Id*. at 3. Due to that, Plaintiffs request that the Court enter an order enforcing its prior sanctions order and "finding Defendants and Defendants' counsel in contempt for their continued, willful failure to obey this Court's Orders." *Id*. The request is made pursuant to both Rule 37 and the Court's inherent authority to sanction.

Plaintiffs are correct that this Court has the power under both Rule 37 and its inherent authority to sanction here. And the Court has repeatedly sanctioned Defendants, awarding not only monetary sanctions, but also by striking pleadings, the entry of default and, ultimately, a default judgment awarding Plaintiffs the entirety or their requested damages. *See* Doc. 118. In awarding that penultimate sanction that led to the default judgment, the Court already took into consideration Defendants' contumacious conduct related to sanctions awards. *See* Doc. 81 ("Here, the undersigned finds that a less drastic measure would be inadequate given . . . Defendants' continued non-compliance with the Court's discovery order, the fact that monetary sanctions have proven inadequate . . . ."). The Court has also entered at least one order directing the enforcement of a prior monetary sanctions order. *See* Doc. 102. The undersigned sees no basis to again order Defendants to pay monetary sanctions. The Court's prior orders stand. Thus, the only "new" relief requested here is for the initiation of contempt proceedings. And while the Court undoubtedly has that contempt authority as to Defendants,[1] the undersigned recommends that these proceedings not

---

[1] The undersigned notes that Plaintiffs also seek contempt against counsel in relation to the unpaid sanctions awards. But the Court awarded those sanctions against Defendants, not counsel. So, there appears to be no basis to hold counsel in contempt for Defendants' failure to pay.

be further multiplied through post-judgment contempt proceedings related to monetary sanctions orders. In making this recommendation, the undesigned is guided by Rule 1, which directed that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Here, there are other remedies that Plaintiffs can pursue prior to the initiation of contempt proceedings. Specifically, now that judgment is entered, Plaintiffs may enforce that judgment by any means available to them. *See* Fed. R. Civ. P. 69. Further, as to the orders awarding attorney fees and costs as sanctions, Plaintiffs may enforce those orders through the same mechanisms, though because this matter is not raised or briefed, the undersigned expresses no opinion on whether Plaintiffs require a separate document to enforce those orders as a judgment. *See* Fed. R. Civ. P. 58; *see also Sapp v. Marcum*, No. 6:21-CV-1515-PGB-DCI, 2026 WL 795631 (M.D. Fla. Mar. 23, 2026) (discussing generally the intricacies of Rule 58 in relation to post-judgment attorney fee awards).

Separately, the conduct of Defendants' counsel in this case has been beyond the pale. As the Court said in a prior order, Defendants have essentially abandoned this case. In large part, that abandonment was due to counsel's failures to confer, failures to participate appropriately in discovery, failures to respond to motions, failures to request relief, and failures to show up at hearings. Along the way, counsel failed repeatedly to comply with the rules and orders of this Court. Further, at hearings, counsel appeared confused, made frivolous arguments, and admitted that he was unaware of controlling law related to FLSA proceedings (such as the requirement that his purported settlement agreement must be approved by the Court to be enforceable). Counsel's conduct was also the subject of an order to show cause. *See* Doc. 82. In that order, the undersigned warned of this potential consequence. *See id.* But even after that order, counsel's problematic

conduct has continued, resulting in sanctions to his clients. *See, e.g.*, Doc. 102. As such, the undersigned recommends that Defendants' counsel be referred to the Middle District's Grievance Committee for consideration of further sanctions, including, specifically, whether counsel should be removed from the bar of the Middle District and referred to the Florida Bar for further sanctions.

Accordingly, it is respectfully recommended that the Court:

1. **DENY** the Motion (Doc. 110);

2. Direct the Clerk to close the case;[2] and

3. Refer Defendants' counsel, Charles Albert Kohler, III, to the Middle District's Grievance Committee for consideration of sanctions consistent with this report.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on May 8, 2026.

Daniel C. Irick
United States Magistrate Judge

---

[2] Finally, the undersigned notes that the Court may consider, in its discretion, entering an amended judgment (or otherwise entering a separate document under Rule 58) that includes the attorney fees and costs already awarded to Plaintiffs: $16,988.31 (in attorney fees) and $253.02 (in costs). While Rule 58(a) requires a separate document in certain circumstances, even if this is not such a circumstance, the Rule does not appear to preclude the entry of a separate document here.