# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTONIO VALDES CRUZ and JOHN BUTLER,**

**Plaintiffs,**

**v.** **Case No: 6:24-cv-00744-GAP-DCI**

**FREEMAN'S CONSTRUCTION & ENGINEERING GROUP, INC., GUILLERMO ANGEL ALONSO, and THE PINEWOOD HOLDING COMPANY, LLC,**

**Defendants,**

**and**

**JPMORGAN CHASE BANK, N.A.,**

**Garnishee.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on two motions: Plaintiffs' Motion for Final Judgment in Garnishment and Incorporated Memorandum of Law (Doc. 150, the Original Motion) filed by Antonio Valdes Cruz and John Butler (collectively, Plaintiffs), and Plaintiffs' Amended Motion for Final Judgment in Garnishment Against Garnishee JPMorgan Chase Bank, N.A., and Incorporated Memorandum of Law (Doc. 155, the Amended Motion).

### I. BACKGROUND

On January 1, 2026, the Court entered an Order granting Plaintiffs' motion for default judgment against defendants Freeman's Construction & Engineering Group, Inc., Guillermo Angel Alonso, and The Pinewood Holding Company, LLC (collectively, Defendants) in the total amount

of $246,935.56. Doc. 111. The Clerk of Court entered a Corrected Amended Default Judgment on March 26, 2026. Doc. 118. On June 29, 2026, Plaintiffs served JPMorgan Chase Bank, N.A. (Garnishee) with a Writ of Garnishment. Doc. 136. The Garnishee filed its answer to the writ on July 14, 2026 and stated that it was in possession of $25,990.91 of Defendant Freeman's Construction & Engineering Group, Inc.'s funds. Doc. 145 at 2. Defendants received notice of the writ and failed to respond.

On August 10, 2026, Plaintiffs filed the Original Motion. Defendants failed to respond to the Original Motion in the time provided by the Local Rules and, as such, the Court deems the Original Motion unopposed. *See* Local Rule 3.01(d). On October 1, 2026, Plaintiffs filed an Amended Motion, explaining the reasons for amendment as follows:

> First, the Original Motion was docketed in CM/ECF under the event "Motion for Disbursement of Funds," although the relief it seeks is a final judgment against the Garnishee under section 77.083, Florida Statutes, not a disbursement from the registry of the Court. Second, this Amended Motion attaches a proposed Final Judgment in Garnishment. Plaintiffs respectfully request that the Original Motion be denied as moot.

Doc. 155 at 2.

In both Motions, Plaintiffs move for a final order of garnishment against Garnishee in the amount of $25,990.91.[1] *Id.* In the Amended Motion, Plaintiffs additionally seek leave to submit their proposed order (attached to Doc. 155 as Exhibit A), pursuant to Local Rule 3.01(k).[2]

---

[1] Except for the new request to file a proposed order, Plaintiffs seek the same relief in the Amended Motion as they did in the Original Motion. As such, the undersigned does not find it necessary to again await a response from Defendants; if Defendants would like to file a response to the Amended Motion, they may file written objections to this Report and Recommendation within 14 days of service and say so.

[2] Local Rule 3.01(k) provides that "[u]nless otherwise permitted by these rules, no party in a civil action may submit a proposed judgment or other order without leave."

## II. STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment. Fla. Stat. § 77.03. The garnishee has 20 days to answer the writ after the plaintiff serves the writ. Fla. Stat. § 77.04. Within five days after the garnishee answers the writ, or after the time period for the garnishee's answer expires, the plaintiff must serve the defendant with a copy of the garnishee's answer and a notice advising the defendant of their right to move to dissolve the writ within 20 days after the date of service "if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. The plaintiff must also serve the defendant with notice of the writ itself, as well as a claim exemption form. Fla. Stat. § 77.041. That form permits a defendant to claim one or more listed exemptions from garnishment. *Id.* If the defendant wishes to claim an exemption, the defendant must complete the form and file it with the clerk's office within 20 days. *Id.*

## III. DISCUSSION

On July 6, 2026, Plaintiffs served Defendants with the notice of Defendants' right to claim exemptions, together with a copy of the Motion for Writ of Garnishment and a copy of the writ itself. Doc. 142. On July 15, 2026, Plaintiffs served Defendants with a copy of the Garnishee's Answer to the writ and with the notice of Defendants' right to move to dissolve the writ. Doc. 147. As such, Plaintiffs have complied with their obligations under Fla. Stat. § 77.041 and Fla. Stat. § 77.055. To date, Defendants have failed to respond to any document and the 20-day statutory period to answer has passed; Defendants have also failed to respond to the Original Motion, which the Court deems unopposed. Accordingly, Plaintiffs "ha[ve] met the statutory

requirements for a judgment of garnishment and [Plaintiffs'] Motion should be granted." *Zhejiang Dongri Import & Export Co., Ltd. v. Neoptx, LLC*, No. 20-cv-60114-RS, 2021 WL 2480879, at *1 (S.D. Fla. June 2, 2021), *report and recommendation adopted in relevant part by* No. 20-cv-60114-RS, 2021 WL 2476518 (S.D. Fla. June 17, 2021).

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that

1) The Original Motion (Doc. 150) be **GRANTED**, such that the Court enter final judgment in favor of Plaintiffs and against Garnishee in the amount of $25,990.91, payable to the Brad Singer Law, P.A. Trust Account.[3] Any funds held under the writ in excess of that sum should be released to defendant Freeman's Construction & Engineering Group, Inc. once a final order is entered; and

2) The Amended Motion (Doc. 155) be **GRANTED in part** to the extent that Plaintiffs be granted leave under Local Rule 3.01(k) to submit their proposed Final Judgment in Garnishment (attached to Doc. 155 as Exhibit A) and the Amended Motion be **DENIED in part as moot** to the extent it requests further relief.[4]

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

[3] Counsel for Plaintiffs states that they will provide specific wiring instructions once a final order is entered by the Court. Doc. 155 at 7.

[4] Plaintiff's use of an incorrect title in docketing the motion via CM/ECF is inconsequential, and the undersigned ultimately recommends the Court grant the substantive relief requested in the original, unopposed motion.

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 2, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE